**AI QIN HE, Petitioner,**

v.

**John ASHCROFT, Attorney General Respondent.**

No. 00–70818.
I & NS No. A76–279–671.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2001.

Decided June 5, 2001.

Before LAY,* TROTT, and BERZON, Circuit Judges.

MEMORANDUM **

We find sufficient evidence in the record to support the Board of Immigration Appeal's ("BIA's") decision and therefore affirm its denial of Ai Qin He's application for asylum. As the parties are familiar with the factual and procedural history of this case, we do not recount them here except as necessary to explain our decision.

1. "To deny asylum on credibility grounds, the BIA must have a 'legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief.'" *Abovian v. INS,* 219 F.3d 972, 978 (9th Cir.2000) (quoting *Hartooni v. INS,* 21 F.3d 336, 342 (9th Cir.1994)). "Any reasons put forth in support of an adverse

---

* The Honorable Donald W. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

credibility finding must be substantial and bear a legitimate nexus to the [credibility] finding." *Id.* at 978 (citations and internal quotation marks omitted).

■ 2. The BIA cited inconsistencies between the written documentation submitted by Ms. He and her testimony that was sufficient to satisfy this standard. First, Ms. He testified that her first child was born in June 1983, and that she became pregnant again in May 1985, and was forced to undergo an abortion in November 1985. According to her household registry document, however, Ms. He's first child was born in June 1985. Needless to say, if Ms. He gave birth in June 1985, she could not have become pregnant in May 1985. Ms. He was asked about this inconsistency, and responded only that the household registry was in error. In light of Ms. He's prior testimony, however, that she had previously reviewed that document, and that everything in it was accurate, a reasonable fact finder could have concluded, as the BIA did, that the inconsistency reflected poorly on Ms. He's credibility.

The BIA relied as well on an inconsistency in Ms. He's testimony regarding the genders of her children. Ms. He was asked, by her own lawyer, to identify the people in a family photograph, and she responded that they were herself, her husband, her son and her daughter. Ms. He had otherwise consistently testified that her two children were both boys, and her asylum application so indicates. When confronted with the error, Ms. He said only that she had made a mistake.[3] Given

---

3. The transcript of the hearing before the IJ does not reflect the erroneous answer, but the ensuing colloquy leaves no doubt that Ms. He initially answered the question by identifying a son and daughter, but corrected herself before the translation was recorded. The lawyers for the government and Ms. He both recognized the error at the time, as both

that this mistake casts doubt on her story of a forced abortion, it is substantial and bears a legitimate nexus to the BIA's adverse credibility finding.

Finally, the BIA found implausible certain aspects of Ms. He's story that she had left her daughter to be raised by her sister for the first eight years of the daughter's life, in order to avoid problems with the authorities, but then took her back when her daughter was eight because it was time for her to attend school. According to He's testimony, her daughter could not attend school while living with Ms. He's sister, because the authorities would not allow her to be registered as a member of the sister's household. Yet, Ms. He also testified that the authorities would not allow her daughter to be registered as a member of her own household, but that the girl was nonetheless able to attend school. The BIA permissibly found that the internal inconsistencies in this story undermined Ms. He's credibility.

■ 3. The non-testimonial evidence supplied by Ms. He is not so compelling that a reasonable decision maker would be compelled to conclude that she was persecuted on the basis of political opinion or that she has a well-founded fear of such persecution. The State Department Report on current conditions in China is simply not conclusive either way. Although it confirms that events similar to those Ms. He described do happen, it casts doubt that they occur "with the frequency asserted by asylum applicants from Fujian province." Ms. He's testimony at her hearing before the IJ was thus critically important to establishing that she was personally forced to submit to an abortion and/or was threatened with forced sterilization. Because the BIA justifiably found her not credible, we must conclude that Ms. He

speak Mandarin. Ms. He also acknowledged her error on cross examination, and does not

has not demonstrated her eligibility for asylum. *Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999).

The petition is DENIED and the BIA's decision is AFFIRMED.